J-S42027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON S. ROUPP | : | |
| | : | |
| Appellant | : | No. 698 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 30, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000008-2024

BEFORE:  LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

JUDGMENT ORDER BY BECK, J.:              **FILED: SEPTEMBER 23, 2025**

Brandon S. Roupp ("Roupp") appeals from the judgment of sentence imposed following his guilty plea to driving under the influence ("DUI").[1]  This case returns to us for reconsideration in light of ***Commonwealth v. Shifflet***, 335 A.3d 1158 (Pa. 2025).  We vacate the judgment of sentence and remand for resentencing.

Roupp was involved in a single vehicle accident and was found to have a blood alcohol content of .204%.  Police arrested Roupp and the Commonwealth charged him with DUI and summary offenses.  On April 30, 2024, Roupp agreed to an amendment to the criminal information reflecting that this was his second DUI offense in the last ten years and pleaded guilty

---

[1] 75 Pa.C.S. § 3802(d)(3).

to this offense.  The trial court accepted the plea.  At sentencing, Roupp requested that the trial court not consider his prior ARD-DUI offense as a first offense for sentencing purposes.  The trial court rejected Roupp's request and sentenced him to sixty months of probation with restrictive conditions plus costs and fines.

On appeal, Roupp challenged the trial court's consideration of his prior ARD acceptance as a first conviction.  This Court affirmed.  **Commonwealth v. Roupp**, 698 MDA 2024 (Pa. Super. Feb. 11, 2025) (non-precedential decision).[2]  Roupp filed a petition for allowance of appeal.  The Pennsylvania Supreme Court granted the petition, vacated our order, and remanded for reconsideration in light of **Shifflet**.  **Commonwealth v. Roupp**, 132 MAL 2025 (Pa. Aug. 19, 2025).

In **Shifflet**, our Supreme Court held that "a defendant's previous acceptance of ARD cannot be viewed as the equivalent of a prior conviction." **Shifflett**, 335 A.3d at 1175.  The Court reasoned that a defendant's acceptance of ARD lacks the constitutional protections of a guilty plea or a criminal proceeding.  **Id.** at 1172-75.  As such, the Supreme Court held that

---

[2]  At the time of sentencing and our initial decision in this matter, binding precedent dictated that "a defendant's acceptance of ARD for a prior DUI can be considered a prior DUI conviction for sentencing purposes under section 3804." **See Roupp**, 698 MDA 2024, at *2 (citations omitted), *vacated*, 132 MAL 2025.

a prior DUI for which the defendant accepted ARD cannot be viewed as a first DUI offense during sentencing. *Id.* at 1178.

Based upon **Shifflet**, the trial court erred in sentencing Roupp as a second DUI offender based on his prior DUI for which he accepted ARD. **See Shifflet**, 335 A.3d at 1175; **see also Commonwealth v. Luberto**, ___ A.3d ___, 2025 WL 2424291, at *5 (Pa. Super. 2025). Therefore, we remand for resentencing pursuant to **Shifflet**, at which the trial court must treat the instant DUI conviction as Roupp's first offense.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 09/23/2025